UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS ANTONIO MOSSES,

v.            Case Nos.    8:06-CV-1369-T-17-TBM
                                              8:05-CR-28-T-17-TBM

UNITED STATES OF AMERICA,

_____/

## ORDER ON MOTION TO VACATE

This cause comes before the court on Defendant Carlos Antonio Mosses' 28 U.S.C. § 2255 motion to vacate (Dkt. cr-114, cv-1). The Government filed a response to the motion to vacate. (Dkt. cv-3). Mosses filed a reply. (Dkt. cv-6). For the reasons set forth, Defendant's motion will be **DENIED**.

## PROCEDURAL HISTORY

On January 26, 2005, a federal grand jury in the Middle District of Florida, Tampa, Florida, returned an indictment charging petitioner Carlos Antonio Mosses ("Mosses") and others with a) conspiring to possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while aboard a vessel subject to United States jurisdiction in violation of 46 App. U.S.C. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii); and b) possessing with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while aboard a vessel subject to United States jurisdiction in violation of 46 App. U.S.C. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). (Dkt. cr-1).

On March 29, 2005, Mosses pled guilty before the Magistrate Judge without a written plea agreement. (Dkts. cr-43; cr-109). Despite admitting to the Court that he knew how to read

1

and write English, Mosses requested assistance from an interpreter. (Dkt. cr-109 at 4, 10). The Court advised Mosses of the charges to which he was pleading and that each count carried a minimum ten-year sentence of incarceration. (Dkt. cr-109 at 21-23).

At the Change of Plea Hearing, government stated that if the case proceeded to trial, the government could prove beyond a reasonable doubt that on January 22, 2005 the defendants agreed to possess with intent to distribute more than five kilograms of cocaine while aboard a go-fast vessel in the Caribbean Sea subject to United States Jurisdiction (Dkt. cr-109 at 25). Law enforcement agents on a United States Coast Guard helicopter spotted the vessel, and Mosses and his co-conspirators attempted to flee. (Dkt. cr-109 at 25). The vessel ignored all warnings to stop and crew members began to throw bales of cocaine and other items off the vessel. (Dkt. cr-109 at 25).The helicopter fired on the vessel and disabled it, allowing law enforcement officials to retrieve the four cocaine bails from the water and eighty-six bails from the vessel. (Dkt. cr-109 at 25). The total quantity of cocaine recovered weighed approximately 2225 kilograms. (Dkt. cr-109 at 25). Four defendants were taken into custody. (Dkt. cr-109 at 26).

Mosses admitted to an amount of cocaine in "excess of five kilograms" but objected to the 2225 kilograms stated in the factual basis by the prosecutor. (Dkt. cr-109 at 26). At that point, the Court gave Mosses a final opportunity to retract his plea, but he still pled guilty to both counts. (Dkt. cr-109 at 28). The Magistrate Judge found that Mosses' guilty plea was made knowingly and voluntarily. (Dkt. cr-48, cr-109 at 29).

The district court sentenced Mosses to 100 months imprisonment with credit for time served. (Dkt. cr-93 at 15). While the Presentence Investigation Report ("PSR") recommended Mosses' base offense level be 38 because his offense involved 2225 kilograms of cocaine, Mosses' sentence fell at the bottom of base sentence level 30 after several downward departures. (Dkt. cr-93 at 7, 15-16). Mosses did not assert at any time prior to or during sentencing that he

2

was a minor participant in the offense or that he objected to the facts in the PSR.

On August 5, 2005, Mosses met with counsel and instructed him to file a notice of appeal, which was filed on August 8, 2005. (Dkt. cr-75). On December 28, 2005, defense counsel filed a Motion To Dismiss Appeal. (Dkt. cv-3-attachment). Mosses' counsel stated that he reviewed all of the record for the case and was unable to argue that the Court committed reversible error and there were no meritorious grounds for appeal. (Dkt. cv-3-attachment). Mosses agreed with counsel's decision to dismiss the appeal. (Dkt. cv-3-attachment at ¶ 6). Mosses' appeal was dismissed on January 12, 2006. (Dkt. cr-111).

On July 24, 2006, Mosses filed a Motion to Vacate under 28 U.S.C. § 2255 and a Memorandum of Law raising the following grounds: 1) District Court erred in denying Mosses' request for a mitigating role; 2) Sentence violated Mosses' Fifth and Sixth Amendment rights when Indictment failed to identify a specific amount of drugs for which Mosses was held responsible because Mosses never stipulated the amount of drugs; 3) Ineffective assistance of counsel for failing to pursue an evidentiary hearing to establish the quantity of drugs or a minor role reduction, and withdrawing the appeal. (Dkts. cr-114, cv-1).

## DISCUSSION

### I. MINOR ROLE ADJUSTMENT

Mosses asserts that the District Court erred in denying his request for a minor role adjustment. (Dkt. cv-6). While he admits that he knew 2225 kilograms were on the vessel, Mosses claims he was not responsible for that amount. Pursuant to U.S.S.G. § 3B1.2, a defendant may receive a two-to four-level reduction in his base offense level where it is found that he played a minor or minimal role in the offense. The defendant bears the burden of proving the mitigating role through a preponderance of the evidence. *United States v. Camargo-Vergara*, 57 F.3d 993, 997-98 (11th Cir. 1995). The Court "must assess the defendant's role in light of the

relevant conduct attributed to h[im]." *United States v. De Varon*, 175 F.3d 930, 942 (11th Cir. 1999). Mosses compares his role to that of a drug courier. (Dkt. cv-6). In the case of couriers, if their acts are limited to importation, it is legitimate for a district court to conclude that the courier's role was essential in transporting the drugs. *De Varon*, 175 F. 3d at 942. In addition, the court will use the overall quantity of drugs transported in determining the defendant's role. *Id.* at 943. Therefore, the court was correct in determining that because the overall shipment of drugs for which Mosses was a courier was very large, he should not receive a reduction in his sentence for a minor role.

At no point during the plea or sentencing hearings did Mosses assert that he be considered a minor participant in the offense, nor did he object to the facts set forth in the PSR. At Mosses' plea hearing, the Court explained that the government must prove the elements of the charge and the factual basis set forth at the plea hearing if the case went to trial, and then reviewed the facts with Mosses. (Dkt. cr-109 at 24-26). A defendant who enters a guilty plea not only admits that he did what was stated in the indictment, but also admits guilt to the substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989). Once the plea is entered, the proceeding may generally be reopened only for inquiry into whether the plea was counseled and voluntary. *Broce*, 488 U.S. at 568. Mosses has asserted nothing to suggest that he was coerced or that he otherwise entered into the plea involuntarily.

Because he pled without a written plea agreement, Mosses did not waive his right to appeal the sentence. Mosses filed a notice of appeal on August 8, 2005, which he later voluntarily dismissed on December 22, 2005. (Dkts. cr-75, cv-3-attachment). As a result, Mosses does not have a right to challenge the District Court's decision as to the minor role reduction in a 28 U.S.C. § 2255 motion.

## II. DRUG QUANTITY

Next, Mosses claims that his conviction violates his Sixth Amendment right to jury trial and that he is entitled to an evidentiary hearing to establish the amount of drugs for which he will be held responsible. (Dkt. cv-1, cv-6). Although Mosses did admit responsibility for five kilograms or more of cocaine, he asserts that his sentence is illegal because he did not admit to being responsible for 2225 kilograms of cocaine for which he was held accountable at sentencing. (Dkt. cv-6). At sentencing, Mosses withdrew his objection to the allegations regarding the amount of drugs and his request for an evidentiary hearing. (Dkt. cr-93 at 10).

In this case, Mosses is challenging the drug amount for which he was held accountable at sentencing, claiming he never admitted to conspiring to import that amount. (Dkt. cv-1 at 16). The indictment to which Mosses pled guilty states that he was charged with conspiring to posses with intent to distribute (Count One) and possession with the intent to distribute (Count Two) five kilograms or more of cocaine. (Dkts. cr-1, cr-109 at 7).

At Mosses' Change of Plea Hearing, the Court explained that the government would have to prove the elements of the charge and the factual basis set forth at the plea hearing if the case were to proceed to trial, and reviewed the facts with Mosses.(Dkts. cr-109 at 14-17, 24-27). Mosses challenged the amount of 2225 kilograms of cocaine, but admitted to "in excess of five kilograms of cocaine." (Dkts. cr-109 at 26). At sentencing, Mosses withdrew his objection to the amount of drugs and the Court adopted the undisputed factual statements of the PSR. (Dkt. cr-93 at 10-11).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, Mosses attempts to surmount his first two claims by asserting that his counsel was ineffective because counsel withdrew defendant's objection to the drug quantity and failed to advocate for a downward adjustment for minor role participation pursuant to rule 3B1.2. (Dkt.

5

cv-6). In order for counsel to be found ineffective, the petitioner must make separate showing of both deficient counsel and an unfair trial as a result of counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Inadequate counsel is one who makes errors so egregious that he cannot be considered "counsel" as guaranteed by the Sixth Amendment. *Id*. The errors committed must also deprive the defendant of a fair trial with a reliable result. *Id.* The burden rests on the accused to demonstrate that his counsel's assistance was ineffective. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The proper standard in all federal courts for judging counsel's effectiveness is the reasonably effective standard. *Trapnell v. United States*, 725 F.2d 149, 151-52 (2d Cir. 1983). A reasonably effective lawyer should be loyal to his client and avoid conflicts of interest. *Strickland*, 466 U.S. at 688. Counsel also functions to assist the defendant in advocating for the defendant's cause, consulting with the defendant about important decisions, and keeping him abreast of any developments in the course of the case. *Id.* The court will determine whether counsel's assistance was effective on a case-by-case basis. *Id.* Judicial scrutiny is deferential in viewing counsel's performance because the court understands that there are multiple methods for providing effective counsel for the same case. *Id.* If counsel's strategy may be considered sound under the circumstances, counsel cannot be adjudged incompetent. *Id.* at 689-90.

According to the sentencing guidelines U.S.S.G. § 3B1.2(b), the Court may decrease a defendant's guidelines offense by two levels if he was a minor participant in the crime. Unless the defendant is "substantially less culpable than the average participant," he will not be eligible for a reduction in his sentencing level. U.S.S.G. § 3B1.2(b). The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to the sentence reduction. *DeVaron*, 175 F.3d at 939.

Mosses has not offered any evidence to support his claim that he deserves a minor role

reduction, nor has he shown any specific prejudice resulting from his counsel's alleged failure to assert the minor role adjustment. Instead, all Mosses has asserted is that his role is no more than that of a courier. However, couriers who sole act is to transport the drugs are typically held responsible for the full amount of drugs they transported. *DeVaron*, 175 F.3d at 942. The Court could reasonably have considered this claim to be without merit, and Mosses' counsel cannot be deemed ineffective for failing to address the claim. *Davis v. Singletary*, 199 F.3d 1471, 1476 (11th Cir. 1997).

Citing *United States v. Booker,* Mosses also claims his counsel was ineffective for failing to agree to an evidentiary hearing to establish the quantity of drugs for which Mosses was to be held responsible. *United States v. Booker,* 543 U.S. 220 (2005). (Dkt. cv-6). During the sentencing, the court specifically asked Mosses whether he wanted an evidentiary hearing to establish the drug quantity for which Mosses was to be held responsible. (Dkt. cr-93 at 9). After discussing it with his counsel, Mosses withdrew his objection to the drug quantity. (Dkt. cr-93 at 10).

Based on the guidelines set forth in *Apprendi*, drug type and quantity do not need to be alleged in the indictment or submitted to a jury and proved beyond a reasonable doubt as long as the statutory maximum punishment is not exceeded. *United States v. Clay*, 376 F.3d 1296, 1301 (11th Cir. 2004). *Booker* reaffirmed the holding in *Apprendi,* "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* 543 U.S. at 242. Therefore, there was no reason to have an evidentiary hearing since the maximum sentence for levels 32 and 38 are the same, and the Court made no attempt to exceed the maximum.

Furthermore, the government filed a U.S.S.G. 5K.1 motion for substantial assistance that

7

was granted, giving Mosses a two-level downward departure. The Court also departed one more level in addition to the two levels requested. (Dkt. cr-93 at 15). Within his final level, 30, his sentence fell at the bottom of the range, indicating there was no resulting prejudice from counsel's alleged failure to pursue an evidentiary hearing. (Dkt. cr-93 at 16).

Mosses was given the opportunity to appeal the sentence and he and his counsel filed a timely notice of appeal. (Dkt. cr-75). However, Mosses claims that he was "literally scared" out of his right to appeal his sentence. (Dkt. cv-6). Mosses' motion to dismiss the appeal was filed more than four months after the initial notice of appeal, indicating that Mosses and his counsel had ample time to consider the appeal. (Dkt. cv-3-attachment). Mosses alleges no specific acts by counsel that could be considered as "scaring" him out of a right to appeal the sentence. Mosses has not met the *Strickland* standard necessary to entitle him to a claim that his counsel was ineffective.

To the extent that this Court has not specifically addressed claims by Mosses, the Court finds that the government's arguments as to those claim are persuasive and adopts and incorporates the government's arguments herein.

Accordingly, the Court orders:

That Mosses' motion to vacate (Dkt. cv-6, cr-114) is **DENIED**. The clerk is directed to enter judgment against Mosses in the civil case and to close that case.

**IT IS FURTHER ORDERED** that Mosses is not entitled to a certificate of appealability. A prisoner seeking motion to vacate the sentence has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," *Trenard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 2 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: Kelley Clement Howard-Allen
Carlos Antonio Mosses